UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RICHARD WAYNE WEAVER,           )       CASE NO. 4:07 CV 1690
                                )
         Petitioner,            )       JUDGE DAN AARON POLSTER
                                )
    v.                          )       MEMORANDUM OF OPINION
                                )       AND ORDER
FEDERAL BUREAU OF PRISONS,      )
                                )
         Respondent.            )

Pro se petitioner Richard Wayne Weaver filed the above-captioned petition on June 7, 2007 pursuant to 28 U.S.C. § 2241. Mr. Weaver, who is confined at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), brings this action against the Federal Bureau of Prisons ("BOP"). He argues that the respondent's policy of limiting placement in a Community Corrections Center (C.C.C.) to 10 % of a prisoner's sentence is invalid as a matter of law. He seeks an order from this court declaring the policy invalid, enjoining respondent from applying its policy to him and ordering the reconsideration of his eligibility for placement in a C.C.C.

*Background*

An indictment was filed in the United States District Court for Northern District of West Virginia last year charging Mr. Weaver with conspiracy to distribute and possession with intent to distribute methamphetamine. See United States v. Weaver, No. 2:06cr0012 (N.D. WV. 2006).  He entered a guilty plea to the charges and was sentenced to a term of 15 months imprisonment, followed by 36 months of supervised release.  Mr. Weaver self-surrendered to the BOP on May 21, 2007.

Mr. Weaver spoke with his F.C.I. Elkton case manager, Mr. Yeasted, to request a copy of his Sentence Monitoring Computation Data sheet.  He states he was "informed" that his C.C.C. time "was limited due to the BOP's '10% policy' of placing inmates in C.C.C.s." (Pet. at (a).) In response, Mr. Weaver immediately filed this action seeking a longer term in a C.C.C.  He argues that he is the sole financial supporter for his wife and three children.  As such, he claims his "need for the earliest release to work status is evidently apparent."  (Pet. at (a).)

*Analysis*

Petitioner argues that he is entitled to injunctive relief because there is a (1) substantial likelihood that he will succeed on the merits of his claim; (2) he can show irreparable injury if relief is not granted; (3) the harm to other parties would be minimal if injunctive relief were granted; and (4) relief would serve the public interest.  It is his assertion that the BOP lacks discretion to create a rule that precludes consideration of the factors set forth in 18 U.S.C. § 3621(b). Finally, he claims that the BOP violated the "statutory command" of 18 U.S.C. § 3621 in contravention of the Administrative Procedures Act (APA).

Relying on the "purpose and scope" of a prisoner's placement in a C.C.C. as set forth

in BOP Policy § 7310.04, Mr. Weaver argues that the goal is to maximize an inmate's chances for successful release to a law abiding life.  If he is not placed in a C.C.C. for a longer period of time, petitioner asserts that he "will be denied 'irretrievable community readjustment time.'" (Pet. at (ii).) Citing Perez v. Winn, 465 F. Supp.2d 87 (D. Mass. 2006) and Ku v. Willingham, 431 F. Supp.2d 265 (D. Conn. 2006), he adds that the "[c]ategorial treatment of prisoners as set factors in the 2005 BOP regulation (28 C.F.R. § 570.20-21) violates both Congressional and Supreme Court authority." (Pet. at (ii).) .

## *28 U.S.C. §2241 Petitions*

Prisoners who seek relief under 28 U.S.C. § 2241 are ordinarily required to exhaust administrative remedies before filing a habeas action in district court. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996)); Sesi v. United States Bureau of Prisons, 238 F.3d 423, 2000 WL 1827950 (6th Cir. Dec. 7, 2000) (a federal prisoner must first exhaust his available administrative remedies before filing a § 2241 petition); United States v. Oglesby, No. 02-3143, 2002 WL 31770320, at *2 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)).

Here, petitioner asserts that exhaustion would be futile and that it is not a statutory requirement under the Prisoner Litigation Reform Act ("PLRA").  He also argues that exhaustion is a judicially created requirement for § 2241 petitions, which may be waived by the court if it finds that exhaustion is futile. Citing Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. Ky. 2004) to support his assertion, Mr. Weaver concludes that "exhaustion of remedies does not apply to habeas petitions."  (Pet. at (i).)

Although exhaustion is a judicially created requirement, see Davis v. Keohane, 835

3

F.2d 1147 (6th Cir. 1987), and it may be waived, Manakee Professional Medical Transfer Service, Inc. v. Shalala, 71 F.3d 574 (6th Cir.1995), there is no relevant case law to support petitioner's assertion that exhaustion does not apply to habeas petitions. It is undisputed that the Colton court held that the *PLRA* exhaustion requirement does not apply to 28 U.S.C. § 2241 writs of habeas corpus. What Colton also held, and what Mr. Weaver does not address, is the fact that "federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241." Colton, 299 F. Supp. 2d at 690; see also Little, 638 F.2d at 953-954.

There are BOP administrative remedies available for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition, as set out at 28 C.F.R. §§ 542.10.16. Section 542.13(a) demands that an inmate first informally present his complaint to the staff (BP-8 form) before filing a formal request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit the formal written complaint (BP-9) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director within 20 calendar days of the date the warden signed the response; and finally, if dissatisfied with the response of the regional director, then he may submit an appeal (BP-11) to the office of the BOP's General Counsel.[1]

It is only when there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider" that the resort to administrative remedies is considered futile. James

---

[1] The BOP's response times are established in 28 C.F.R. § 542.18, which provides that once the inmate has filed the proper form, "response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." 28 C.F.R. § 542.10-16.

v. United States Dept. of Health and Human Services, 824 F.2d 1132, 1139 (D.C. Cir.1987).

Mr. Weaver claims that the BOP has consistently followed its regulations "despite fairly consistant [sic] rejection by (4) four Court[s] of Appeals to date and numerous district courts." (Pet. at (i).) He believes that because of the BOP's "strong position on the issue, combined with its unwillingness to reconsider, this court should find that petitioner's resort to administrative remedies would be futile." (Pet. at (i).)

Because Mr. Weaver never attempted to exhaust his administrative remedies this court has no indication why the BOP would have denied his request for additional time in a C.C.C., or upon what basis it established his pre-release date. One of the reasons for the exhaustion of administrative remedies requirement is to prepare a record for the court. See Brice v. Day, 604 F.2d 664 (10th Cir.), cert. denied, 444 U.S. 1086 (1980). Mr. Weaver has presented no record at all, just a general recitation of his entitlement to an earlier pre-release date to a C.C.C. Petitioner has failed to set forth an argument that would support a finding that exhaustion is futile in his case. Neither the Woodall v. FBOP, 432 F.3d 235 (3rd Cir. 2005) nor the Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007) opinion to which he refers is controlling in this court. While the Sixth Circuit published an opinion regarding the 10% rule, Dismas-Charities, Inc. v. United States Department of Justice, 401 F.3d 666, 668 (6th Cir. 2005), it did not address the propriety of the BOP's interpretation of the statute.[2] It did hold, however that the change in BOP policy regarding placement of federal offenders in C.C.C.s was an "interpretive rule" and, as such, was not subject

---

[2]The ultimate decision in Dismas-Charities was not based on an interpretation of 18 U.S.C. §§ 3621(b) or 3624(c) or any analysis of the current regulations' validity. The court's disposition turned on its conclusions that the plaintiff who had brought the action lacked standing and that the BOP could use the new rule as an interpretation of the statutes without the new rule's being formally promulgated under the Administrative Procedures Act.

to notice and comment rulemaking under the APA. Id. at 680.

Based on the foregoing, this petition is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED

>*/s/Dan Aaron Polster 8/6/07*
> DAN AARON POLSTER
> UNITED STATES DISTRICT COURT